# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In Re:

| | | | |
|---|---|---|---|
| **STEVEN M. STONIER and KIMBERLY STONIER** | Debtor(s) | Chapter: | **13** |
| | | Case Number: | **5-08-bk-51215 RNO** |
| **CHARLES J. DEHART, III, STANDING CHAPTER 13 TRUSTEE** | Movant(s) vs. | Document No.: | **48,52** |
| **STEVEN M. STONIER and KIMBERLY STONIER** | Respondent(s) | Nature of Proceeding: | **Objection to Amended/ Modified Plan** |

## **OPINION**[1]

This case presents the following question. Where the Debtors' Modified Plan provides for regular monthly mortgage payments to be made directly to the Mortgagee, may the Chapter 13 Trustee object to approval of the Modified Plan because the monthly mortgage payments are not made as "conduit payments" by the Chapter 13 Trustee? For the reasons stated below, I overrule the Chapter 13 Trustee's Objections and will approve the Modified Plan.

**I.    Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 157(a), (b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(L).

**II.    Procedural History**

Steven and Kimberly Stonier ("Debtors") filed a Chapter 13 bankruptcy petition on April 29, 2008. No prior bankruptcy filings were listed on the Chapter 13 petition. The Debtors' original Chapter 13 Plan was filed on May 16, 2008. The Plan, in part, provided for the Debtors

---

[1]    Drafted with the assistance of William C. Blasses, Esquire, Law Clerk

to make their monthly home mortgage payments directly to their Mortgagee. No objections to the original Plan were filed and the Plan was confirmed on July 30, 2008.

On June 5, 2009, the Mortgagee on the Debtors' home mortgage filed a Motion for Relief from Stay alleging post-petition defaults by the Debtors. The contested relief from stay matter was settled by a Stipulation filed on July 15, 2009. Paragraph 6 of that Stipulation provides that the Debtors will pay their regular monthly mortgage payments, each of $1,099.20, directly to the Mortgagee. The Stipulation was signed by counsel for the Mortgagee, counsel for the Debtors and counsel for the Chapter 13 Trustee ("Trustee"). On July 17, 2009, the Court entered an Order approving the Stipulation settling the relief from stay action.

On August 5, 2009, the Debtors' Motion to Amend Chapter 13 Plan After Confirmation was filed; the Debtors' Modified Plan was filed on the same date. The Modified Plan provides that both pre- and post-petition arrears on the home mortgage will be cured by payments made through the Plan. The Modified Plan continues to provide that future home mortgage payments will be paid to the Mortgagee outside of the Plan. On September 3, 2009, the Trustee filed his Objection to Confirmation of First Amended Chapter 13 Plan. Essentially, the Trustee's Objection alleges that the Modified Plan is not feasible and states in part "[p]ost-petition mortgage arrears paid through plan -requires conduit payments". Trustee's Obj. 1a.

Argument was heard on the Motion to Modify Plan on October 8, 2009. The Chapter 13 Trustee and the Debtors have filed post-hearing Briefs.

2

Case 5:08-bk-51215-RNO    Doc 59    Filed 11/02/09    Entered 11/02/09 15:36:12    Desc
Main Document    Page 2 of 9

**III. Analysis**

    **A. Section 1326(c) of the Bankruptcy Code**

The Trustee's Brief in Support of Objections to Confirmation of Post-Confirmation Amended Plan references 11 U.S.C. § 1326(c) of the Bankruptcy Code.[2] That subsection provides "[e]xcept as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan". Both the Trustee's and the Debtors' Briefs indicate that some courts have interpreted § 1326(c) to reflect a presumption that disbursements to creditors should be made by the Chapter 13 trustee. However, I am unaware of any binding precedent in the Third Circuit to this effect. The Trustee's Brief prominently cites the case of *Perez v. Peake*, 373 B.R. 468 (S.D.Tex. 2007). The Trustee's Brief also argues that "[i]t should be initially observed that the avoidance of trustee fees should not justify disbursement other than through the trustee". Trustee's Br. 3.

Debtors' Brief cites authority that a bankruptcy court has considerable discretion to allow direct payments to creditors outside of the Chapter 13 plan. Again, the Court is unaware of any binding precedent in the Third Circuit on this point. The Debtors' Brief cites *In re Miles*, _____ B.R. _____, 2009 WL2902443 (Bankr. E.D.Pa. 2009), in support of the Modified Plan.

    **B. Approval of Modified Plans Versus Confirmation**

Section 1329 of the Bankruptcy Code provides that a plan may be modified after confirmation. Some of the reasons for modification contemplated by the statute are: 1) an increase or reduction in the amount of payments; 2) the extension or reduction of time for

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

payments; 3) an alteration in the amount of the distribution to a creditor provided for in the plan; and, 4) a reduction in the amounts paid under the plan by the actual amount of the expense incurred by the debtor to purchase health insurance.

The plan modification process differs from the plan confirmation process. Section 1329(b)(2) provides explicitly that "[t]he plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved." Thus, in the absence of the court taking action to disapprove proposed modifications, the modified plan replaces the previously confirmed plan. *See In re Meza*, 467 F.3d 874, 879 (5th Cir. 2006) (finding that a motion to modify the Chapter 13 plan by the Chapter 13 trustee stayed the debtor's ability to complete the original plan unless and until the modified plan was disapproved after a hearing).

Additionally, I have previously noted that the requirements for modification are less stringent than the original requirements for plan confirmation. *See In re Lopatka*, 400 B.R. 433, 439-440 (Bankr. M.D.Pa. 2009) (discussing the lack of a explicit statutory requirement of plan length for modified plans). Section 1329 expressly makes certain confirmation requirements applicable to modified plans; other confirmation requirements are not referenced. *In re Forte*, 341 B.R. 859, 868 (Bankr. N.D.Ill. 2005). Specifically, § 1329(b)(1) makes § 1322(a), § 1322(b), § 1322(c), and the requirements of § 1325(a) applicable to modified plans. The only reference to § 1325(b) appears in § 1329(c) which provides that a modified plan generally may not provide for payments over a period that expires after the applicable commitment period under § 1325(b)(1)(B). Among the requirements of § 1325(a) is the § 1325(a)(6) requirement that the debtor be able to comply with the plan, commonly referred to as the "feasibility requirement". *See In re Porter*, 370 B.R. 891, 893 (Bankr. M.D.Pa. 2007) (finding that the § 1325(a)(6)

4

"feasibility" requirement was not satisfied).

### C. Requiring Conduit Payments in Chapter 13 Plans

As noted above, the Trustee's Brief prominently relies upon *Perez v. Peake*, 373 B.R. 468 (S.D.Tex. 2007). In that case, the District Court for the Southern District of Texas considered the debtors' appeal from the bankruptcy court's denial of their motion for leave to disburse their home mortgage payments directly to the mortgagee. The district court in *Perez* affirmed the bankruptcy court's denial of the motion to make direct mortgage payments.

I believe that central to the decisions of the bankruptcy and district courts in *Perez* are the provisions of Southern District of Texas Local Bankruptcy Rule 3015(b). The local rule, which became effective October 17, 2005, provides:

> (b) **Mortgage Payments Through the Chapter 13 Trustee.** Home mortgage payments will be made through the chapter 13 trustee, in accordance with Home Mortgage Payments Procedures. Home Mortgage Payment Procedures shall be procedures adopted by the chapter 13 trustees and approved by the court. *Perez v. Peake*, 373 B.R. 468, 472 (S.D.Tex. 2007).

It is significant to me that the Bankruptcy Court for the Middle District of Pennsylvania has no comparable local rule requiring home mortgage payments through the Chapter 13 Trustee. The Debtors' Brief states that the customary practice in this District is for debtors to make default cure payments through the plan while making regular post-petition payments directly to secured creditors, like the Mortgagee in this case. Debtors' Br. 3. I find the *Perez* case to be distinguishable from the case presented herein because of the lack of any Local Rule in this District requiring regular post-petition payments through the plan. Further, I have not found a provision in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure which requires

5

mandatory conduit payments such as the Chapter 13 Trustee seeks.  On the contrary, § 1326(c) provides, in part, ". . . **except as otherwise provided in the plan** . . . the trustee shall make plan payments to creditors under the plan."  (Emphasis added).  I view this language as expressly contemplating a Chapter 13 plan provision for payments by means other than through a Chapter 13 trustee.

The Debtors' Brief prominently cites *In re Miles*, _____ B.R. _____, 2009 WL2902443 (Bankr. E.D.Pa. 2009).  In that case, the bankruptcy court considered objections to confirmation of plans proposed by two different debtors, "Miles" and the "Beals".  Both plans provided for direct payments outside of the plan to the secured creditor.

The *Miles* case represented the debtor's fifth bankruptcy since 2002; her next most previous bankruptcy case had been dismissed with a 180-day bar against refiling without leave of court.  Further, the mortgagee's claim had been reduced to judgment between the filing of her first and second bankruptcy cases.  Miles' seventh amended plan, which was objected to, ceased all further plan payments to the trustee, with any future payments to be paid outside of the plan by the debtor directly to the mortgagee.  Under Miles' plan, the Chapter 13 trustee's sole remaining function would have been to disburse funds already paid to him as of the date of filing of the seventh amended plan.  *In re Miles*, *2, 2009 WL 2902443 (Bankr. E.D.Pa. 2009).

In *Miles*, the Bankruptcy Court for the Eastern District of Pennsylvania also considered the Chapter 13 plan of the Beals.  Their plan provided for the payment of pre-petition arrears to the mortgagee in the Chapter 13 plan.  The Beals' plan also provided for current monthly payments to be made directly to the mortgagee.  *In re Miles*, *2-3, 2009 WL 2902443 (Bankr. E.D.Pa. 2009).  The Beals, like the Debtors here, did not have prior bankruptcy filings and their

6

plan provided for some distribution to unsecured creditors. Also, the secured creditor did not object to the Beals' treatment of its loans.

The *Miles* court described the customary practice in the Eastern District of Pennsylvania utilized by Chapter 13 debtors to cure arrears on house and car payments. In that district, the arrears are paid through the Chapter 13 plan while current post-petition payments are made directly to the creditor outside of the Plan. *In re Miles*, *4, 2009 WL 2902443 (Bankr. E.D.Pa. 2009). This comports with the Court's understanding of the customary practice in the Middle District of Pennsylvania.

*Miles* recites various factors which courts have utilized to determine whether to allow debtors to make direct payments. It indicates that relevant considerations are:

> (1) the ability of the trustee and the court to monitor future direct payments; (2) the potential burden on the trustee; (3) the possible effect upon the trustee's salary or funding the U.S. Trustee system; (4) the potential for abuse of the bankruptcy system; (5) the number of payments proposed to pay the targeted claim; (6) the plan treatment of each creditor to which a direct payment is proposed to be made; (7) the consent, or lack thereof, by the affected creditor to the proposed plan treatment; (8) the ability of the debtor to reorganize absent direct payments; and (9) the good faith of the debtor in proposing direct payments. *In re Miles*, *6, 2009 WL 2902443 (Bankr. E.D.Pa. 2009) (citations omitted).

Ultimately, the court in *Miles* considered the two different Chapter 13 plans. It concluded that the plan of "Miles" was not feasible and the Chapter 13 trustee's objection to confirmation was sustained. However, the *Miles* court overruled the Chapter 13 trustee's objections to the plan of the "Beals". Their plan was confirmed.

I am not generally adopting the *Miles* factors for cases where mandatory conduit payments are sought. However, as noted below, considering the Modified Plan in the light of the

7

*Miles* factors favors allowing direct payments by the Debtors. It is important to note that a very sparse record was established in this matter. No testimony was offered either by the Debtors or the Chapter 13 Trustee and no stipulation of facts was submitted to the Court. Thus, I have no direct evidence concerning the Modified Plan's effect upon the parties' ability to monitor future payments, any potential burden on the Chapter 13 Trustee, or any possible effect upon the Chapter 13 Trustee's salary or funding the United States Trustee Program.

The fourth factor which the *Miles* decision suggests a court should consider is any potential for abuse of the bankruptcy system. As noted above, historically, post-petition payments have been directly made to secured creditors outside of the plan in the Middle District of Pennsylvania. The Court has not discerned any abuse in this practice and I, therefore, consider this factor either neutral or slightly weighing in favor of direct payments. The *Miles* factor which I considered most relevant is factor seven, the consent, or lack thereof, of the affected creditor to the proposed plan treatment. Based upon the Stipulation in settlement of motion for relief from stay entered into by the counsel for the Mortgagee, counsel for the Debtors and counsel for the Chapter 13 Trustee, I find that the Mortgagee has consented to the proposed treatment of its claim in the Modified Plan. I also considered factor nine, the good faith of the debtor in proposing direct payments. There is nothing in this record which leads me to question the good faith of the Debtors in proposing direct payments to the Mortgagee. I conclude that the relevant *Miles* factors weigh in favor of approving the Modified Plan.

Paragraph one of the Trustee's Objections to the Debtors' Modified Plan alleges the Plan lacks feasibility under § 1325(a)(6). I recognize that, generally, a debtor bears the burden of proving that a Chapter 13 plan is feasible. *In re LaFata*, 483 F.3d 13, 23 (1st Cir. 2007); *In re*

8

Case 5:08-bk-51215-RNO    Doc 59    Filed 11/02/09    Entered 11/02/09 15:36:12    Desc
Main Document      Page 8 of 9

*Newton*, 217 B.R. 1002, 1004 (Bankr. S.D.Oh. 1997). The state of the record does give the Court some pause on this aspect of the matter. The Debtors did not submit any evidence concerning their present earnings or future income projections. I do take judicial notice that after the petition filing, employment pay advices were filed for each of the Debtors. Further, this Chapter 13 case has been pending for more than eighteen months and I take notice that the Chapter 13 Trustee has made no motion during that time based upon any alleged material default under the plan. I find that the Debtors have met their burden concerning the feasibility of the Modified Plan.

**IV. Conclusion**

For the reasons set forth above, the Chapter 13 Trustee's objection is overruled. I will approve the modified plan. Therefore, pursuant to § 1329(b)(2), the modified plan is now the plan for the purposes of this chapter 13 bankruptcy. An Order will be entered consistent with the foregoing Opinion.

Date: November 2, 2009

_____
Robert N. Opel, II, Bankruptcy Judge
*This opinion is electronically signed and filed on the same date.* (BI)